IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

LATOSHA R. DAVIS, )
)
              Plaintiff, )
)
v. ) No. CIV-08-890-L
)
CENTRAL OKLAHOMA COMMUNITY )
ACTION AGENCY, INC., )
)
              Defendant. )

## **O R D E R**

On August 25, 2008, plaintiff filed this action seeking damages for alleged violations of Title VII of the Civil Rights Act of 1964, as amended. She claims she was terminated from employment due to race discrimination and that she was subjected to retaliation for filing a complaint with the Equal Employment Opportunity Commission ("EEOC"). In addition to her federal claims, plaintiff asserts a state law claim for violation of the public policy of the State of Oklahoma as reflected in the Oklahoma Anti-Discrimination in Employment Act, 25 O.S. §§ 1301-1313.

This matter is before the court on defendant's motion for summary judgment. Summary judgment is appropriate if the pleadings, affidavits, and depositions "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Any doubt as to the existence of a genuine issue of material fact must be resolved against the party seeking summary judgment. In addition, the inferences drawn from the facts presented must be construed in the light most favorable to the nonmoving party.

Board of Education v. Pico, 457 U.S. 853, 863 (1982). Nonetheless, a party opposing a motion for summary judgment may not simply allege that there are disputed issues of fact; rather, the party must "set out *specific* facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2) (emphasis added). *See also*, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted). In addition, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The undisputed facts establish that defendant, Central Oklahoma Community Action Agency Inc. ("COCAA"), is a non-profit community action agency located in central Oklahoma. On November 1, 2006, plaintiff was hired as defendant's human resources director. As the human resources director, plaintiff reported directly to the executive director. Pursuant to her job description, plaintiff was "responsible for handling the Agency's human resources function, serves as a senior consultant to the Management Team on all matters concerning human resource management and provides assistance to the supervisors and program managers in developing,

2

communicating and carrying out the Agency's personnel and Affirmative Action policies." Exhibit 6 to Defendant's Motion for Summary Judgment. Plaintiff acknowledged that her job performance would be evaluated by her supervisor and that "[f]ailure to perform the above duties to the satisfaction of my supervisor is grounds for permanent dismissal from this position." Id.

At the time of her hire, plaintiff reported to Karen Vines. Ms. Vines, however, resigned from COCAA approximately two months later. Affidavit of Karen Vines at ¶ 9. Beginning in January 2007, Margaret York, an outside consultant who had been working with COCAA since November 2006, was appointed as the interim executive director of COCAA. Deposition of Margaret York at 16. Prior to her resignation, Ms. Vines informed Ms. York that plaintiff had breached confidentiality during an interview with an applicant. Affidavit of Karen Vines at ¶ 6; Deposition of Margaret York at 25-27; 30-32. During her time supervising plaintiff, Ms. Vines received reports from COCAA employees that plaintiff demonstrated a lack of professionalism. Affidavit of Karen Vines at ¶ 7. In February 2007, Ms. York counseled plaintiff regarding complaints she had received from other employees regarding plaintiff's approachability. Deposition of Margaret York at 49-50.

On March 19, 2007, Ms. York found a stack of documents that had been left anonymously in her office. Deposition of Margaret York at 65-66. The documents were printouts from the Oklahoma State Courts Network ("OSCN") database reflecting misdemeanor and felony charges filed in the District Courts of Comanche

3

County and Oklahoma County. Exhibit 11 to Defendant's Motion for Summary Judgment. While plaintiff denies that some of the charges reflected in Exhibit 11 refer to her, she admits she was charged with obtaining money by means of a false and bogus check for which she received a deferred sentence. Exhibit 9 to Plaintiff's Brief in Response and Objection to Defendant's Motion for Summary Judgment at 4 [hereinafter cited as "Plaintiff's Response"]; Exhibit 11 to Defendant's Motion for Summary Judgment at 22-23. Plaintiff also admits that she was charged with a felony count of incurring forfeiture of bail, for which she also received a deferred sentence after pleading guilty. Exhibit 9 to Plaintiff's Response at 4; Exhibit 11 to Defendant's Motion for Summary Judgment at 28-33.

Based on her review of the documents, Ms. York was concerned about plaintiff's remaining in her position as human resources director. Ms. York testified that plaintiff

> had some payroll activity responsibilities which is one of the reasons I was very concerned about the check charges because she had every employee's personal information, including bank account numbers, Social Security numbers, which all seemed, to me, if you have an employee who may or may not have been experiencing financial problems and has written a bad check, would not be a good thing for them to have access to.

Deposition of Margaret York at 130-31. Ms. York presented the OSCN documents to the COCAA Board of Directors at their next regularly scheduled board meeting. Id. at 68; Affidavit of Gloria Hesser at ¶ 3. In addition, Ms. York informed the Board

4

of her impression of plaintiff's performance, but did not make a recommendation to terminate plaintiff. Deposition of Margaret York at 69, 92; Affidavit of Gloria Hesser at ¶ 4. At the conclusion of the executive session, the Board and Ms. York jointly decided to terminate plaintiff's employment. Deposition of Margaret York at 91; Affidavit of Gloria Hesser at ¶ 5.

On March 23, 2007, Ms. York, with employee Darren Jones as a witness, visited plaintiff in her office. Deposition of Margaret York at 110; Sworn Statement of Darren Jones at ¶ 3. Ms. York informed plaintiff she was being terminated "because she had falsified information pursuant to her application for employment" and because Ms. York "had found out about [plaintiff's] criminal past". Sworn Statement of Darren Jones at ¶¶ 4-5. Ms. York did not tell plaintiff that her termination was due to poor performance.[1] Plaintiff responded that Ms. York's actions were discriminatory and that she would therefore be filing a charge of discrimination with the EEOC.[2] Exhibit 9 to Plaintiff's Response at 7. Ms. York knew

---

[1] Ms. York claims she told plaintiff that the termination was, in part, due to plaintiff's performance problems. *See* Deposition of Margaret York at 113, 137. Ms. York's alleged contemporaneous account of the meeting with plaintiff appears to corroborate her recollection. Exhibit 13 to Defendant's Motion for Summary Judgment. This document, however, is hearsay and therefore inadmissible at this juncture. Fisher v. City of Las Cruces, 584 F.3d 888, 897 n.3 (10th Cir. 2009). Furthermore, since plaintiff disputes Ms. York told her the termination was due to plaintiff's poor performance, the court accepts plaintiff's version of the conversation for purposes of ruling on the motion for summary judgment.

[2] Defendant disputes that plaintiff made these remarks. *See* Supplemental Sworn Statement of Darren Jones at ¶ 3. Whether plaintiff indicated her intent to file a charge of discrimination with the EEOC is crucial to her retaliation claim and therefore is a material fact upon which her credibility and that of Ms. York and Mr. Jones is determinative. The court, however, is not permitted to determine credibility issues when ruling on a motion for summary judgment.

that plaintiff had threatened to file a wrongful termination lawsuit once before. Deposition of Margaret York at 26-27.

Plaintiff filed a charge of racial discrimination with the EEOC on March 26, 2007. Exhibit 18 to Defendant's Motion for Summary Judgment. In this charge, plaintiff alleged:

> On 03-23-07 the Executive Director informed me that she had become aware of my criminal history, and I could no longer be employed. Non-black employee[s] with similar and more serious criminal histories than I have . . . have not been terminated.

Id. Two weeks later, plaintiff filed a second charge of discrimination. In this charge, she alleged defendant made unauthorized deductions from her final paycheck in retaliation for her complaints of discrimination. Exhibit 17 to Defendant's Motion for Summary Judgment. Defendant conceded the deductions were unauthorized and reimbursed plaintiff on April 5 and April 18, 2007.[3] Exhibit 6 to Plaintiff's Response at 2.

On April 24, 2007, plaintiff wrote to the COCAA Board of Directors requesting a review of the decision to terminate her. Exhibit 7 to Plaintiff's Response at 1. When she did not receive a response to this request, she sent a second written request to the Board, noting that she had "made several requests to be allowed to present my documentation to the board, in accordance to company policy, however

---

[3]The April 5, 2007 reimbursement was made before plaintiff filed her retaliation charge on April 9, 2007.

my requests have still remained unanswered." Id. at 2. Defendant contends that upon advice of counsel, it did not respond to plaintiff's requests. Affidavit of Gloria Hesser at ¶ 6. The EEOC issued an Amended Determination on January 10, 2008, holding that:

> During the course of the investigation, it was discovered that Respondent refused to allow Charging Party to appeal her discharge in accordance with Respondent's applicable "Personnel Policies and Procedures" manual, dated February 22, 2005. Respondent's stated reason for said refusal was because Charging Party had filed a complaint with the EEOC. Therefore, the Commission has determined that Respondent unlawfully retaliated against her in violation of Title VII of the Civil Rights Act of 1964, as amended, in that she was subjected to adverse treatment because of her participation in the EEO process.

Exhibit 8 to Plaintiff's Response at 1. After exhausting her remedies before the EEOC, plaintiff filed suit in this court alleging wrongful termination and retaliation.

As this matter is before the court at the summary judgment stage, the court utilizes the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), to analyze plaintiff's Title VII claims. *See* Kendrick v. Penske Transp. Serv., Inc., 220 F.3d 1220, 1225-26 (10th Cir. 2000).

> Under the *McDonnell Douglas* framework, the plaintiff "must carry the initial burden under the statute of establishing a prima facie case of racial discrimination." Once the plaintiff has established a prima facie case, "[t]he burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason" for its employment action. If the defendant makes this showing, the plaintiff must then show that the defendant's justification is pretextual.

7

Id. at 1226 (citations omitted).  For purposes of this motion, defendant does not contest that plaintiff can establish a prima facie case with respect to her termination claim.  Defendant does, however, challenge whether plaintiff can establish a prima facie case of retaliation, which requires showing that: (1) plaintiff engaged in protected activity; (2) defendant took an action that a reasonable employee would have found materially adverse; and (3) a causal connection between the protected activity and the adverse action exists.  Argo v. Blue Cross & Blue Shield of Kansas, Inc., 452 F3d 1193, 1202 (10th Cir. 2006).  An action is materially adverse if "'it well might have "dissuaded a reasonable worker from making or supporting a charge of discrimination."'"  Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (citations omitted).  The Supreme Court has cautioned that "[c]ontext matters" in making this determination; "[a] schedule change in an employee's work schedule may make little difference to many workers, but may matter enormously to a young mother with school-age children."  Id. at 69.  When protected activity is closely followed by adverse action, retaliatory motive can be inferred.  *See* Burrus v. United Telephone Co. of Kansas, Inc., 683 F.2d 339, 343 (10th Cir.), *cert. denied*, 459 U.S. 1071 (1982).

Because defendant does not dispute that plaintiff can establish a prima facie case of race discrimination, the burden of production shifts to defendant to show a legitimate, non-discriminatory reason for plaintiff's termination.  EEOC v. Flasher Co., Inc., 986 F.2d 1312, 1316 (10th Cir. 1992).  Defendant's proffered reasons are

8

plaintiff's poor work performance and her criminal history. Both reasons constitute legitimate non-discriminatory reasons to discharge plaintiff. As defendant has met its burden of production, the burden shifts to plaintiff to demonstrate that defendant's proffered reasons were merely pretext for discrimination. Plaintiff can establish pretext by demonstrating either that a discriminatory or retaliatory motive more likely motivated defendant or that defendant's proffered reason is unworthy of credence. Plaintiff can also carry her burden by producing direct evidence of discrimination. See Jones v. Unisys Corp., 54 F.3d 624, 630 (10th Cir. 1995). Plaintiff at all times bears the burden of proving her treatment was due to intentional discrimination or retaliation. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). "[P]laintiff may avoid summary judgment only by producing specific evidence that [defendant's] actions were tainted by discriminatory motive." Lewis v. City of Ft. Collins, 903 F.2d 752, 759 (10th Cir. 1990).

The court finds plaintiff cannot establish that defendant's reasons were pretextual. Plaintiff has no direct evidence of discrimination[4] and does not deny she

---

[4] As proof of racial bias, plaintiff points to scattered comments attributed to Ms. York and other employees. See Plaintiff's Response at 3. In the main, however, the comments were made by fellow employees, not Ms. York, and plaintiff misrepresents her own testimony in her response brief. For example, the comment attributed to Ms. York in Plaintiff's Response that "there had not been any African-Americans in management" was made, according to plaintiff in her deposition, by a "lady in accounting". Deposition of Latosha Renay Davis at 80. The assertion that plaintiff "would hear comments from people in which they questioned how she could buy some of the clothes or shoes she was wearing simply because she was Black", Plaintiff's Response at 3, is based solely on plaintiff's "perception". Deposition of Latosha Renay Davis at 85. She admits she has no evidence the comments were based on race. Id. Moreover, "[i]solated comments, unrelated to the challenged action, are insufficient to show discriminatory animus in termination decisions". Rea v. Martin Marietta Corp., 29 F.3d 1450, 1457 (10th Cir. 1994).

had some performance issues during her tenure as human resources director.[5] The main focus of her pretext argument, however, is that non-African-American employees with criminal records were not terminated from employment while she was. The parties agree that eight other individuals who were employed at COCAA when plaintiff was discharged had criminal records and were not likewise discharged. Defendant counters that the difference in treatment does not evidence discrimination because none of the individuals was similarly situated to plaintiff. An employee is similarly situated "if the employee deals with the same supervisor and is subject to the 'same standards governing performance evaluation and discipline.'" Kendrick, 220 F.3d at 1232 (*quoting* Aramburu v. Boeing Co., 112 F.3d 1398, 1404 (10th Cir. 1997)). Plaintiff has not met her burden of establishing that any of the other employees was similarly situated to her. Indeed, the evidence points to the contrary as none of the other employees was in upper management and reported directly to the executive director. Moreover, plaintiff's job responsibilities were vastly different that the allegedly comparable employees. Plaintiff was in charge of the human resources division for the entire agency, while none of the other employees was charged with such managerial duties. Furthermore, plaintiff had access to sensitive personal information such as social security and bank account numbers. It was thus reasonable for defendant to consider plaintiff's criminal history as a more egregious matter, particularly given the financial nature of the crimes. As plaintiff's

---

[5]Deposition of Latosha Renay Davis at 40-41.

criminal history constitutes a valid non-discriminatory reason for discharging plaintiff and plaintiff cannot demonstrate that this reason is pretextual, defendant is entitled to summary judgment on plaintiff's termination claims under Title VII and Oklahoma public policy.

Summary judgment, however, is not warranted with respect to plaintiff's retaliation claims. The court finds that genuine issues of material fact exist as to all three elements of the prima facie case. First, whether plaintiff told Ms. York at the time of her termination that she would be filing a claim of discrimination with the EEOC is hotly disputed. There is, however, no dispute that Ms. York knew plaintiff had threatened to take such action on one prior occasion. Second, while defendant contends that its deducting $278.50 from plaintiff's final paycheck cannot constitute a materially adverse action, as the Supreme Court has stated, context matters. Ms. York made the determination to deduct the amounts from plaintiff's paycheck knowing plaintiff may have had financial troubles and was worried about caring for her son. *See* Deposition of Margaret York at 113, 131. Finally, if plaintiff in fact asserted her rights under Title VII at the time of her termination, the deductions from her paycheck and the refusal to allow her to appeal her discharge to the Board were so close in time to that date to raise an inference of retaliation.

In sum, the court finds defendant is entitled to summary judgment in its favor on plaintiff's race discrimination claims, but that summary judgment is inappropriate with respect to plaintiff's retaliation claims as genuine issues of material fact are in

dispute. Defendant's Motion for Summary Judgment (Doc. No. 40) is therefore GRANTED in part and DENIED in part.

It is so ordered this 5th day of January, 2010.

_/s/ Tim Leonard_
TIM LEONARD
United States District Judge